Is the case of Schott, Lawrence Schott v. Halloran Construction And we have Mr. James Laritz for the appellant and Mr. Ken Burke for the athlete And you may proceed when you're prepared to Mr. Laritz Thank you very much Your Honor May it please the Court My name is Jim Laritz I'm sorry I gave you a different first name James is the formal name I go by Jim and I represent Halloran Construction Company This is my associate Kelly Kirkbride And this case concerns the construction statute of repose There is a judgment against Halloran Construction Company for about $1.1 million As a result of an incident in April 2001 In which the plaintiff, Mr. Schott, who was a police officer at the time Stepped or fell off of a two-foot high retaining wall Which had been built by Halloran Construction Company as part of a development And completed in 1990 The retaining wall was inspected by the city and met all applicable codes The construction statute of repose says if you approve land If you build something and ten years go by and nobody has sued you Then you can't be sued anymore And it's been a fixture of the law for many years Not only here was suit not filed for ten years But nobody was even injured for over ten years Again, the plaintiff conceded in their brief that the wall, the development Which was not only a wall but an office park A building, a parking lot, a retention pond All of that was completed in 1990 And it wasn't until 2001 that Mr. Schott injured himself And it wasn't until after that that he filed suit Clearly the statute of repose applies to protect my client But the plaintiff and the trial court see it differently Your review here is de novo You need give no deference to the rulings of the trial court Because this involves the interpretation of a statute Since it's clear and the plaintiff has conceded That more than ten years went by between the time The improvement to real property was completed And the time of the injury The next question is Was the wall, this retaining wall, an improvement to real property So as to bring it under the terms of the statute Clearly it is Howard Construction Company took raw land Whether it was woods or cornfield And turned it into an office building or an office park And the wall, again, was just a small part of that There was the building itself There was the parking lot There was lighting There was a retention pond There was grading There was landscaping There was seating And Howard Construction Company was the general contractor On all of this Didn't actually do all the work But was the general contractor And therefore is protected by the statute That should end the matter The case should have been dismissed in 2003 When it was brought So that the plaintiff could proceed against the landowner And the construction statute of repose Does not protect the landowner Or whoever may be in possession of a dangerous condition And in this case, the landowner, the possessor of the land Was Visiting Nurse Association The plaintiff did sue the Visiting Nurse Association And settled with the Visiting Nurse Association For one half million dollars However, the plaintiff claims that the statute of repose Does not apply because of a repair That was made in 1994 or 1995 A part of the wall fell down And again, this is a typical retaining wall It's made of these manufactured, engineered concrete stones That are built to stack up one on top of the other Part of it washed away in a storm This is the part nearest the building About 70 or 75 feet away Where the wall was about 2 feet high Is where the plaintiff was injured when he stepped or fell Or jumped off that wall But it was over here by the building To the north end of the wall That some of these stones fell out And the plaintiff claims that this Because of the stones fell out and were repaired That the statute of repose does not apply But it's not clear why he's claiming that There are no cases anywhere that say The statute of repose restarts Or is told if repairs are done on the property Even major repairs There's no cases that say that Even if the damage that needs to be repaired is significant Even if it costs a lot of money What if it destroys the integrity and the purpose Of the original structure? It's a repair, Your Honor And the Moriette case that you were on Says that it's a repair Even if the road is torn up As in Moriette, it's damaged, it's potholes The pavement's no good If that road loses its integrity as a road It's still a repair And if it's put back together the same way it was Then it's not an improvement to real property The St. Louis v. Rockwell case sets out those criteria Whether the structure is meant to be permanent or temporary Whether it's a component of the overall system Whether the value of the property is increased by the improvement And whether the use of the property is enhanced But all those go to And the St. Louis case was concerned with whether The work that was done by the defendant Was an improvement to the real estate in the first place And Rockwell concerned a giant printing press Is it a chow or is it part of the real estate? Another case concerned an escalator That was put in a building Does it remain a chow or is it now part of the real estate? An improvement to the real property That's what those Rockwell criteria get to They don't get to whether a repair changes something From the same old piece of property that's the same before and afterwards To something new And in this case As the Morietta case says A mere repair does not equal an improvement to real property Here the evidence is crystal clear The wall was repaired It was put back exactly the same Even the plaintiff's expert witness says That the wall before the damage And the wall after the damage were exactly the same Same dimensions, same number of blocks, same height, same distance from that Just as Holleran Construction Company left it in 1990 That's exactly how it was when Mr. Schott stepped off of it in 2001 Therefore it's a mere repair An improvement enhances the value of the property A repair does not The property is the same after the repair as before the damage Was that 55 feet between the repair and where the plaintiff was hurt? Yes No, I'm sorry Judge The timeline was 1990 the wall was built About 1994 the wall was damaged In 94-95 it was repaired And then in 2001 after the wall had been like that for 6 years That's when the plaintiff fell Was that 75 feet from where the repair was? Approximately 70 to 75 feet That's correct From where the wall was 2 feet high This is a wall that stayed basically level But the ground rose up to meet the ground below it From the north end to the south end So at the north end it was this high But at the south end where the plaintiff stepped off It was about this high Is that the full length of it? Yes, about 75 or 80 feet And it's not exactly clear where the plaintiff fell But he said it was around 2 feet high Where he went off So, again, this repair did not enhance the value of the property Which is one of the criteria Because before the damage and after the damage The wall was exactly the same The Litchfield case says Repair of an existing structure does not equal an improvement For purposes of the construction statute of repose Nor for purposes of the construction statute of limitations Pollard Construction Company never owned this land The Visiting Nurse Association did own this land Again, this is not a premises liability case This is a construction negligence case The plaintiff said that the contractor way back in 1990 Should have put a guardrail or something on top of this wall So that people wouldn't step off Even though the plaintiff knew the wall was there Had inspected this property several times as a police officer Even though the wall itself complied with the code That had been adopted by the city Concerning whether a guardrail was necessary And the Boca code is very explicit on that Tells you when you need to put a railing or something On top of a retained wall like this Not in this case The language of the statute of repose is clear And it can't be ignored It protects the builder of a wall or a house Or any other improvement to property It protects the improver of the realty And in judgment against Pollard Construction Company in this case I suggest that the court must be reversed Thank you Thank you We'll have the opportunity for rebuttal Burke Thank you May it please the court My name is Ken Burke I represent Larry and Shelly Schott In this case I'll address as Mr. Lawrence did The statute of repose argued In past assistant court We have a blow up A photograph Halloran Construction took After this retaining wall collapsed And a photograph that they utilized In the subsequent lawsuit Against the subcontractor who had originally built This retaining wall As you note in the record In that subsequent lawsuit Halloran Construction Company In their words Said that the collapse of this wall Caused damage to the structural integrity Of the building And the surrounding structure This is a substantial collapse of the wall Looking at the statute of repose The statute clearly says Construction of an improvement to real property After 10 years have lapsed The question before this court Was the rebuild in 1995 Was that an improvement to real property The case law tells us That's a legal determination But it's grounded in fact It's a fact specific inquiry And then the court determines Whether that constitutes an improvement to real property The Supreme Court in the St. Louis case Gave us some guidelines How to make that determination And what they first did Was they went to Black's Law Dictionary And they looked up the word improvement And they noted it's a valuable addition Made to property, usually real estate Or an amelioration in its condition Amounting to more than mere repairs Or replacement Costing labor or capital And then the Supreme Court As we've noted in the briefs Set forth relevant criteria To consider what constitutes an improvement A mere repair If you look at the dictionary A mere means Nothing more than a small unimportant thing Or amount Clearly replacing a substantial section of a wall Not just making a repair But rebuilding, reconstructing If you look at this photograph There's rebar, there's mesh, there's blocks Grading is going to be required This isn't the Morietta case Where there was a planned redo of a section of the highway We live in a climate Where we'll have a 100 degree temperature swing Between summer and winter We're going to get potholes We're going to get things like that That require maintenance And that's a planned event And we all run into construction I don't think I've come up here to Mount Vernon But when I'm coming off of 64 And 57 joins It seems like there's always under construction Those are planned events To keep the road in condition I think this court would have reached a different conclusion In Morietta If during that 9 mile stretch of repair A bridge had collapsed Or a section of the road had collapsed And they actually had to go there and reconstruct it I don't think any member of this court Would have any difficulty in concluding That that was an improvement to real property Another analogy Got Wrigley Field Built years ago If the left field bleachers collapse And they go in there And they take portions of those bleachers And they reconstruct Is anybody going to say That's not an improvement to real property? With that reconstruction Of Wrigley Field bleachers As the reconstruction of this retaining wall Would that be meant to be permanent? Or temporary? When you say reconstruction Did Wrigley Field Did they put them back exactly the way they were? Or did they put them back differently? If a bleacher collapsed Is the wall exactly like it was? Or is it different? Judge, I think there's evidence to support It may be different Now my expert said You go out and look at it afterwards As compared to before The dimensions of the caps on top were the same The same 80 pound blocks were used But we don't know what was placed underneath that We don't know if more rebar was used So there's no testimony as to that? There is no testimony But there is evidence The construction The original construction of three VersaLock stone retaining walls Cost $6,100 For the three of them In 1990 In 1995 When this one wall is rebuilt This is Howard Construction Invoice $7,800 Is there any evidence of inflation involved in this at all? Or the cost of the replacement You said there was a replacement block? I'm sorry? You said there was a replacement block? One broke? Yeah Did they have that in the bill? No it's not It's a non-itemized bill But you have this bill This would be appropriate for the court to consider For the jury to consider More went into this repair This rebuild Than the original construction We've had a lot of rain since Okay, what more was put in there? In other words I think when you build a wall You've got to put a foundation or footing Or whatever you call it Usually packed rock or something like that And then you lay your first set of blocks Is that correct? Is that different than the way they did it? There's no evidence of that They said they rebuilt it It looked the same after they rebuilt it But they built it You don't know evidence of building it differently That's what I'm trying to get at There's no evidence that they built it differently Or they did not build it differently Other than this influence The only evidence you have Is the identity that it looks like I'm sorry? The only thing you have That it wasn't rebuilt differently Is it looks alike That's the only evidence Right, but we don't When you look at it You can't see the rebar underneath it If more rebar was added You can't see the supporting mesh And we don't have an itemized building The only building that produces this building So that was four years later? Yes ma'am So I guess you're inferring that In four years It would be way beyond Just the cost of increased labor Increased cost, yes ma'am To build one versus three And it was less than 7,000 It was like 6,000 6,100 for three And they weren't all the same size But roughly you say that makes 2,000 a piece for the three retaining walls Maybe a little bit more for this one I don't think you're going to anticipate A $1,500 increase in four years Based on the cost of material and labor I mean I think that's evidence That somebody can conclude That something was done different And then the fact that since the rebuild We've had substantial rain There has been no additional collapse Did they reinforce it more? I think that's a reasonable inference That could be drawn Now I couldn't see that signed in here But did it have any bill For cleanup of the old wall? There was no itemized bill It was cost to rebuild the retaining wall Amount due $7,800 And this is in Halloran's third party suit? Is that? This was in the suit they had filed Back in 1995 Against the nursing? No it's the subcontractor that built Okay the lawn business So this is what they were using To support their suit Against a subcontractor After they rebuilt the wall And they did this at their turn? Cost to rebuild retaining wall? I mean they're the construction company They knew what they were doing They weren't going out there Replacing a couple of blocks They weren't going out there And see some of the concrete caps At the top were chipped off Hey let's replace those They had to rebuild this Clearly look at this photograph It's going to encompass Braiding and all kinds of things Was that rebuild Meant to be permanent? That's the first criteria Yes Did the rebuild Become an integral component Of the overall system? Of course it did Because after it collapsed There wasn't any overall system You had to disintegrate the wall Was the value of the property Increased by this rebuild? Of course And was the property enhanced As a result of this rebuild? Sure it was Because right below here There's a patio Where employees could go out there They had picnic tables They could go out there And enjoy that property In this condition Depicted in this photograph So clearly this constitutes An improvement to real property Under the facts of this case The rebuild was meant to be permanent It enhanced the value It enhanced the enjoyment Of the property By their own evidence In the other lawsuit This collapsed It damaged the structural integrity Of the building And the surrounding structures Including the remaining of the wall The question was asked Where Larry Schott Fell off of this wall This wall is about 75, 80 feet long He didn't fall off 75 feet away He fell off near this section here And not at the other end Is that, that's in dispute? No I don't think it's in dispute I mean there was photographic evidence At the trial where he pointed As to where he fell I don't think it's It's germane to whether this constitutes An improvement to real property Their own expert testified That when they rebuilt that wall They had to consider Things like VOCA code Like the landscaping standards Which they did not do Mr. Halloran testified He did not consider any of those things Their expert that they hired Said under the landscaping standards When you build a wall like this That's higher than two and a half feet You have to have plantings or shrubs Along the top there To serve as a barrier For somebody being able to walk off They actually had those Plantings and shrubs On the top of the retaining wall On the other side Not on this side Now which VOCA code Are we talking about The original one Or the one in 94-95 That has the shrubs Is it different Or is it the same That's the landscape architect standard Not VOCA Not VOCA That is not VOCA We'll have the record We'll check I think if nobody else Has any questions Thank you Thank you Mr. Burke Mr. Levitt Thank you Judge I don't want the court To be confused here Howard Construction Company Did not rebuild this wall in 1995 Howard Construction Company Sued the original wall builder Because Visiting Nurse Association A charity Had had to pay $2,700 To fix this wall And Howard Construction Company Felt bad Because They had Built this building For the Visiting Nurse Association So they Called a lawyer Who created this invoice And sent it to Howard Construction Company's lawyer And said As a matter of Who created the invoice A lawyer For Howard Construction Company It's in the record This is what Mr. Howard said In his testimony So you're saying Because a lawyer did it That we shouldn't consider What Howard itself Put in the record The record is clear I tried $2,700 Visiting Nurse Association Paid some contractor To repair the wall Howard Construction Company Hoping to help out this charity Called a lawyer And the lawyer Got in touch with The original wall builder And it's lawyer And Howard did not rebuild this wall Howard did not Create that invoice It's lawyer Created that invoice It's all settlement What does this have To do with anything? Because if Howard Didn't rebuild the wall How can they be Responsible for the condition Of the wall As rebuilt? It's not their Improvement It's somebody else's Improvement In Morietta They didn't sue The original Road builder They would have been Laughed out of court They sued The repayer And in this case Mr. Burke should have sued The new wall builder If it's an improvement If it's more than a repair If the person who Rebuilt this wall Did it wrong Mr. Burke should have sued That person He should have found out Who that was And sued that person But he didn't He sued Howard Construction Company On a theory that Somehow the statute Of repose Restarts Well let me ask you Going along with What you said That Holleran Had no duty Or obligation Didn't they bring A lawsuit? They did On what basis? Because they wanted to Help out the Visiting Nurse Association Don't you have to be A party in interest To bring a lawsuit? You can just You can know You can say This subcontractor Did work for me Four or five years ago They did it poorly My work suffered As a result The improvement That I made To the property Suffered Collapsed Didn't hold up And therefore I'm suing the sub That did this work poorly But I'm doing it On behalf of The Visiting Nurse Association The record is clear Judge Howard Construction Company Did not rebuild this wall Mr. Holleran said Visiting Nurse Association When you say Rebuilt the wall You're talking about They didn't physically do it They didn't repair it Someone else physically did it They didn't hire anybody To do it They didn't do the repairs They had nothing To do with it Except Trying to help Visiting Nurse Association Out And recover Some of their money back Because they're a charity And he felt bad about it Howard felt bad about it Because Here he sold this building To the Visiting Nurse Association Part of it collapsed The record is clear So either he had a duty Or assumed a duty He assumed a duty   And if he didn't touch The repairs Then how can he Be responsible For what he did In 1990 Does the statute Affirm that Mr. Holleran Didn't touch The repairs Does the statute Of repose Automatically restart And if You build a house And sell it to somebody And nine years later They replace the roof Does that mean You're on the hook For 19 years And if then They replace A sidewalk Does that mean You're on the hook For 29 years Or 99 years How long Does the statute Of repose Keep getting Kicked down the road There's no cases About this And you can see What Would do To affirm This judgment Would do To the statute Of repose Because Holleran Construction Company And the instruction Given to the jury About Holleran Construction Company Didn't say They negligently Repaired this wall Or rebuilt it In 1994 It says When they built This wall In 1990 They negligently Did this and that Left the guardrail Off Didn't put bushes on So It's not that Holleran Construction Company Did this In 1994 Or 1995 What Holleran Construction Company Did The only thing They did Was in 1990 And he wants You to Restart Somehow After the 10 years Have already Lasted Restart The statute Of repose And it makes No sense Whatsoever Ladies and gentlemen Thank you for Your rebuttal Thank you And Mr. Burke And we'll take the matter Under advisement of A ruling in due course